IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTAR CORPORATION, a Colorado corporation,<br><br>                Plaintiff,<br><br>     v.<br><br>SIERRA VALLEY RESTAURANTS, INC., a corporation doing business as Jack in the Box; CENTRAL VALLEY FOODSERVICE, INC., a corporation doing business as Jack in the Box; FOODSERVICE MANAGEMENT, INC., a corporation doing business as Jack in the Box; KOBRA ASSOCIATES, INC., a corporation doing business as Jack in the Box; and ABE ALIZADEH, an individual,<br><br>                Defendants. | 2:09-cv-02220-GEB-GGH<br><br>ORDER DENYING PLAINTIFF'S APPLICATION FILED ON AUGUST 11, 2009 |

       On August 11, 2009, Plaintiff filed an Ex Parte Application for a Temporary Restraining Order and/or for a Preliminary Injunction.  Plaintiff seeks to have these orders issued without Defendants being notified of an opportunity to oppose the motions.  However, Federal Rule of Civil Procedure 65 (a)(1) prescribes: "The court may issue a preliminary injunction only on notice to the adverse party."  Therefore, Plaintiff's

1

application for a preliminary injunction is denied.  Further, Federal Rule of Civil Procedure 65(b)(1), prescribes in pertinent part:  "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Moreover, Local Rule 65-231 provides that temporary restraining orders shall be granted in the absence of actual notice only "in the most extraordinary of circumstances."  Plaintiff's submissions do not contain sworn facts justifying an unnoticed proceeding. Therefore, notice to Defendants is required and this portion of Plaintiff's request is denied.

Further, Plaintiff has not presented facts justifying an expedited briefing schedule and the extraordinary remedy of a temporary restraining order ("TRO").  A TRO should only be sought when facts are presented showing that Plaintiff cannot wait until it duly notices for hearing a motion for a preliminary injunction. Therefore, Plaintiff's Application is denied.

Dated:  August 13, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge