IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTAR CORPORATION, A Colorado corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>SIERRA VALLEY RESTAURANTS, INC., a corporation also known as Jack in the Box; CENTRAL VALLEY SERVICE, INC., a corporation also known as Jack in the Box; FOODSERVICE MANAGEMENT, INC., a corporation also known as Jack in the Box; KOBRA ASSOCIATES, INC., a corporation also known as Jack in the Box; ABE ALIZADEH, an individual; NATIONAL BANK OF ARIZONA, Notice of Related Cases by Plaintiff in 2:08-cv-02998-GEB-GGH<br><br>           Defendants. | 2:09-cv-02220-GEB-GGH<br><br><u>ORDER FINDING NATIONAL BANK OF ARIZONA HAS NOT SUFFICIENTLY COMPLIED WITH LOCAL RULE 6-144(e)</u> |

        On August 26, 2009, National Bank of Arizona ("NBA") filed an emergency *ex parte* application concerning its motion to intervene and request to brief a pending motion for a preliminary injunction. Under Local Rule 6-144(e), "Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need . . . of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel . . . ."

1

1     NBA has been aware of the pendency of this action since
2 August 11, 2009, yet waited until today to file the emergency
3 application. (Decl. of Ray Sardo ¶ 7.) NBA's counsel indicates in
4 a declaration that the ex parte relief NBA seeks is justified since
5 counsel left a telephone recorded message with each counsel
6 involved in this action about NBA's emergency application at about
7 3:30 p.m. yesterday, yet made no other attempt to obtain a
8 stipulation from other counsel. (Decl. of Ray Sardo ¶ 12-15.)
9 This is not a satisfactory explanation for either the need of an
10 emergency order or for the failure to obtain a stipulation
11 prescribed in Rule 6-144(e). Therefore, NBA's application is
12 denied.
13     All counsel (including NBA through its counsel) shall
14 confer regarding what NBA seeks to do. This conference should
15 obviate the need for the emergency relief NBA appears bent on
16 seeking if counsel can not arrive at a reasonable solution.

Dated: August 26, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge