IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTAR CORPORATION, a Colorado corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SIERRA VALLEY RESTAURANTS, INC., a corporation doing business as Jack in the Box; CENTRAL VALLEY FOODSERVICE, INC., a corporation doing business as Jack in the Box; FOODSERVICE MANAGEMENT, INC., a corporation doing business as Jack in the Box; KOBRA ASSOCIATES, INC., a corporation doing business as Jack in the Box; and ABE ALIZADEH, an individual,<br><br>        Defendants,<br><br>NATIONAL BANK OF ARIZONA,<br><br>        Intervenor.<br>_____ | 2:09-cv-02220-GEB-GGH<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING FINAL PRETRIAL CONFERENCE</u> |

        The Order Amending Pretrial Scheduling Order (ECF No. 74) continued the final pretrial conference to commence in this case at 2:30 p.m. on May 16, 2011. The parties were required to file a joint final pretrial statement "not later than seven (7) days prior to the final pretrial conference." (ECF No. 56, 3:6-7.)

        No final pretrial statement was filed as required. Therefore, Intervenor National Bank of Arizona and Defendant Abe Alizadeh are

1

Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on May 16, 2011, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely final pretrial statement. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on May 23, 2011, at 2:30 p.m., just prior to the final pretrial conference, which is rescheduled to that date and time. A joint pretrial statement shall be filed no later than seven (7) days prior to the final pretrial conference.

IT IS SO ORDERED.

Dated:  May 10, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).