IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VISTAR CORPORATION, a Colorado corporation, | ) ) ) | 2:09-cv-02220-GEB-GGH |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| SIERRA VALLEY RESTAURANTS, INC., a corporation doing business as Jack in the Box; CENTRAL VALLEY FOODSERVICE, INC., a corporation doing business as Jack in the Box; FOODSERVICE MANAGEMENT, INC., a corporation doing business as Jack in the Box; KOBRA ASSOCIATES, INC., a corporation doing business as Jack in the Box; and ABE ALIZADEH, an individual, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| NATIONAL BANK OF ARIZONA, | ) ) | |
| Intervenor. | ) ) | |

Counsel for Intervenor National Bank of Arizona ("NBA") and Defendant Abe Alizadeh ("Alizadeh") were issued an Order to Show Cause ("OSC") on May 11, 2011 for failing to file a joint final pretrial statement. (ECF No. 84.) NBA and Alizadeh filed an amended joint response to the OSC on May 16, 2011, in which they state, *inter alia*:

> Defendant Alizadeh and Intervenor NBA . . . fail[ed] to submit the pre-trial statement . . . because of confusion resulting from the Notice of Filing of Bankruptcy and Stay ([ECF] No. 46) of the

1

> corporate defendants . . . and the [Stipulated Judgment] entered by the Court on March 10, 2011. Alizadeh and NBA both believed that those stays and [Stipulated Judgment] precluded NBA's Complaint-In-Intervention from proceeding to trial.
>
> [NBA's] Complaint-In-Intervention only asserted claims against [Plaintiff]. Specifically, NBA sought declaratory relief regarding [Plaintiff] and NBA's competing security interests in the assets of the corporate defendants, and for injunctive relief against [Plaintiff] enjoining it from taking possession of those assets.
>
> Subsequent to the filing of NBA's Complaint-In-Intervention, each of the corporate defendants initiated bankruptcy proceedings, thereby staying any litigation regarding their assets. NBA and Alizadeh both believed that stay applied to NBA's Complaint-In-Intervention against [Plaintiff], as any determination by this Court regarding interests in the corporate defendants' assets could open the door to conflicting judgments in the bankruptcy proceeding. Consequently, neither NBA or Alizadeh believed there was a claim involving NBA that was to be addressed in the pretrial conference.
>
> On March 10, 2011, the Court entered a stipulated judgment that resolved all claims between [Plaintiff] and Alizadeh, concluding that "[t]he Court can find no just reason for delaying entry of final judgment against Alizadeh as stipulated to by [Plaintiff] and Alizadeh, as all of the remaining defendants are in bankruptcy." Alizadeh and NBA both understood the [Stipulated Judgment] to mean there was nothing further to proceed to trial because of the corporate defendants' bankruptcies.

(ECF No. 87, 2:4-3:2 (citations omitted).)

Despite the suggestion to the contrary in the amended joint response to the OSC, NBA never filed its Complaint-in-Intervention after its Motion to Intervene was granted on September 2, 2009. NBA only filed a _proposed_ Complaint-in-Intervention on August 25, 2009, as an exhibit to its Ex Parte Application for Order Shortening Time and Setting of Hearing on its Motion to Intervene. (ECF No. 31-1.) Therefore, if NBA

desires to file the referenced proposed Complaint-In-Intervention, it must do so by 4:00 p.m. on May 23, 2011.

Further, NBA's representations in the amended joint response to the OSC indicate that NBA believes it had a right to object to Plaintiff and Alizadeh's Stipulation for Entry of Judgment, failed to do so and are now precluded from doing so since the Stipulated Judgment was entered.[1] In light of NBA's position, the only pending claims in this action are subject to the bankruptcy stay. Therefore, all dates in this action are vacated. Each party is required to file a Status Report notifying this court within five days once the bankruptcy stay is lifted.

Dated:  May 17, 2011

                                                                                   
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] NBA did not file an opposition or statement of non-opposition to Plaintiff's Amended Motion for Summary Judgment against Alizadeh (ECF No. 77) or NBA and Alizadeh's Stipulation for Entry of Judgment (ECF No. 79). NBA also did not appear at the March 7, 2011 hearing on these proceedings.